UNITED STATES DISTRICT COURT

FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS

LISA SIEGEL BELANGER,

              Plaintiff

     v.

NORFOLK PROBATE & FAMILY
COURT,

             Defendant

## COMPLAINT FOR EMERGENCY DECLARATORY RELIEF

### I.   Nature of the action

1.   The above-captioned action stems from unlawful retaliation by "court-appointees"[1] in the Norfolk Probate & Family Court matters of John Savanovich (case numbers: 18P1286, 18P1287); retaliation against Plaintiff Attorney Lisa Siegel Belanger for publicly exposing—in and out of court—their criminal exploitation of John Savanovich.

---

[1] In particular, **Attorney Lisa M. Cukier, partner in Burns Levinson LLP** and **Patricia Keane Martin of Seegal Lipshultz & LO LLP**.

2.    In particular, whistleblower retaliation against Plaintiff by **Attorney Lisa Cukier** of **Burns Levinson LLP** and numerous other joint venturers pertains to Plaintiff's lawful appearance in the **Netflix** aired documentary: **Guardian Inc.** (an **Alex Gibney** production of **Dirty Money, Season 2, Episode 5**). (Video of Guardian Inc. is provided as **Exhibit 1** and a transcript of said documentary—as **Exhibit 2**—that was filed by Nicholas Luisa in Middlesex Superior Civil Action No. 2081CV1945, Luisa v. Netflix et al).[2]

3.    Said Guardian Inc. documentary consists of *both* John Savanovich and Plaintiff speaking truth about John being forced into a fraudulent guardianship and conservatorship (Norfolk Nos: 18P1286 & 18P1287).  The situation involved a premeditated scheme by specified attorneys and their cohorts. (Refer to Exhibits 1 & 2).[3]

---

[2]    Netflix provided a video copy of the documentary via thumb-drives to Middlesex Superior Court and parties; specifically referred to as "Ex.A" in Netflix's filed "Memorandum of Law in Opposition to Interested Nonparty John Savanovich's Motion to Impound and for Protective Order". A copy of the Netflix's filed opposition is attached hereto as Plaintiff's **Exhibit 3**)

[3]    The above-referenced Middlesex Superior Court matter of *Nicholas J. Louisa, Esq. v. Netflix Inc. et al* is fully open for public view. (Refer to attached copy of docket in **Exhibit 4** and the Order denying impoundment in **Exhibit 5**).

4.   The specific unlawful retribution at issue in this civil action pertains to the below court order (**Exhibit 6**) fraudulently facilitated by **Attorney Lisa M. Cukier of Burns Levinson LLP** and **Patricia Keane Martin of Seegal Lipshultz & LO LLP:**

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT  DEPARTMENT

Norfolk County

Case No. 181286, 18P1287

GUARDIANSHIP AND CONSERVATORSHIP OF JOHN C. SAVANOVICH

ORDER ON MOTIONS FOR ATTORNEY FEES

**IT IS HEREBY ORDERED:**

The Court has reviewed and allowed motions for fees and costs by two represented parties.

Not later than November 4, 2020 Attorney Lisa Siegel Belanger shall pay to the following attorneys the following amounts, all occasioned by Attorney Belanger's frivolous pleadings, court hearings held as a result of those pleadings, the necessity to appoint a Guardian Ad Litem and his subsequent investigations as a result of those frivolous pleadings and court hearings.

The Court specifically finds that her frivolous pleadings and misconduct in violating various court orders were advanced in bad faith and with purposeful pursuit of an ulterior motive, as detailed in the Court's Memorandum and Orders after the Zaltman hearing.

1. TO: Attorney Patricia Keane Martin, Seegal Lipshutz & Lo, LLP, Wellesley Office Park, 80 William Street, Suite 200, Wellesley, MA 02481, on behalf of the conservator Alexandra Golden, for attorney fees and costs associated, the amount of **$278,907.63**.

2. TO:  Attorney Lisa M. Cukier, Burns & Levinson, 125 High Street, Boston, MA 02110, for attorney fees and costs associated, the amount of **$131,220**.

Attorney Lisa Siegel Belanger  shall be permitted to inspect the itemized affidavits of both attorneys in support of their requests for fees. However, any said inspection shall be subject to the following conditions:

- Said inspection shall take place only at the front counter of the Norfolk Registry of Probate;

- Said inspection shall be supervised by a court security officer of the Norfolk Probate and Family Court as well as one employee of the Norfolk Registry of Probate;

- She shall not be permitted to copy the motions, affidavits in support, or any other contents of the case files.

- She shall not be permitted to view any contents of the case files except the two motions for fees and the affidavits in support.

1

3.  Attorney Lisa Siegel Belanger shall appear in this Court on November 5, 2020 at 9:30 A.M. so that the Court may determine her compliance with these orders.

Dated: 9/3/2020

George F. Phelan, Judge
Probate and Family Court

2

5.  Said "Order" was issued by then-presiding **Judge George Phelan of the Norfolk Probate & Family Court** on **September 3, 2020**. Conspicuously, Judge Phelan retired the *very next day* on **September 4, 2020**.  (See copy of downloaded official notice of Judge Phelan's retirement on State website provided as **Exhibit 7**).

6.  Note the caption of the **September 3, 2020** "Order" at issue:

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT  DEPARTMENT

Norfolk County                                      Case No. 181286, 18P1287

GUARDIANSHIP AND CONSERVATORSHIP OF JOHN C. SAVANOVICH

ORDER ON MOTIONS FOR ATTORNEY FEES

IT IS HEREBY ORDERED:

Plaintiff undersigned counsel is **not** a party—and never was a party—in the Guardianship and Conservatorship matter of John C. Savanovich (Case No. 18P1286 & 18P1297).  Even more so, (Ret.) Judge Phelan precluded Plaintiff undersigned counsel from representing John Savanovich as legal counsel.

7.   As a matter of law, where Plaintiff undersigned counsel was neither a party nor legal counsel, Norfolk Probate & Family Court did not have personal jurisdiction over Plaintiff; thereby, rendering said **September 3, 2020** Order invalid.  Judge Phelan did not have legal authority to issue any order imposing Plaintiff to pay purported attorney fees given the lack of personal jurisdiction.  Rhugras Ag v. Marathon Oil, 526 U.S. 574 (1999), cited by Wilson v. Town of Mendon, Nos. 00-1077, 00-1239, 00-1240 (1st cir. 2002) ("without jurisdiction the court cannot proceed at all in any cause").

8.   As set forth above, Plaintiff files this action seeking a declaratory judgment that the **September 3, 2020** "order" at issue (Exhibit 1) be judicially declared invalid.

9.   Plaintiff seeks this this Court to issue an order to Norfolk Probate & Family Court removing the contempt hearing date of September 21, 2021 scheduled in said matter of John Savanovich.

## II.   Parties

10.   **Plaintiff Lisa Siegel Belanger** is a Massachusetts attorney enduring malicious and lawless whistleblower retaliation for exposing **Attorney Lisa M. Cukier's** and her firm **Burns Levinson LLP's,** along with **Attorney Patricia Keane Martin's** and her firm of **Seegal Lipshultz & LO LLP's** and others', criminality in the exploitation of John Savanovich. Plaintiff resides in Essex County, Massachusetts.

11.   **Norfolk Probate & Family Court** is a defendant in this action having issued an invalid court order (Exhibit 6) as it did not have lawful jurisdiction to hear the purported claims set forth in said **September 3, 2020 order.**

## III. Jurisdiction & Venue

12.   Jurisdiction is properly before this Court where the claim for relief set forth in this civil action arises under violations of the Constitution, laws or treaties of the United States within the meaning of 28 U.S.C. 1331(a).

13.   Pursuant to 28 U.S.C. § 2201, Plaintiff undersigned counsel requests declaratory relief that the September 3, 2020 Order is null and void.  Underlying federal violation of 42 U.S.C. 1983.

14.   Pursuant to 28 U.S.C. § 2202, Plaintiff undersigned counsel requests injunctive relief via enjoining Norfolk Probate & Family Court from holding the scheduled hearing of September 21, 2021.  Ex parte Yong, 209 U.S. 123 (1908).

15.   Pursuant to 28 U.S.C. § 2201, Plaintiff has standing in pursuit of declaratory relief based on her legal interests guarantee of Due Process under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article X of the Massachusetts Declaration of Rights.

16.   The Supreme Court makes clear that when there is "bad faith, harassment" that a federal district court has a duty and obligation to preempt the state.  Chaulk Services, Inc. v. MACD, 70 F.3d 1361, 1368 (1995).

17.   Plaintiff has no adequate avenue for remedy of law in the State court.

18.   Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 where a substantial part of acts and omissions on which this action is based occurred in Massachusetts.

**IV. Facts**

19.   Plaintiff repeats and re-alleges the factual allegations set forth above.


20.   In early **February 2019,** John Savanovich called Plaintiff undersigned counsel pleading for legal help, leaving a voice message describing his being exploited by several specified attorneys and social workers.[4]


21.   **Exhibit 7** is the audio message that John Savanovich left on my voice mail.


22.   In John Savanovich's own *initiated* call to Plaintiff, his above-referenced voice message, he expressly states he contacted Plaintiff as a result of having seen articles about Plaintiff in the *Boston Broadside*.[5]

---

[4]   Prior to John Savanovich's afore-described call to Plaintiff undersigned counsel, Plaintiff did not know John Savanovich in any manner.

[5]   Boston Broadside is a mass-distributed New England newspaper having reach in 33 states. www.Bostonbroadside.com

23.  *Boston Broadside* articles published about Plaintiff undersigned counsel *prior* to John Savanovich's call of **February 2019**:

<u>**April 2017**</u>



Link for article:

https://www.bostonbroadside.com/showcase/isolate-medicate-liquidate-how-to-fleece-a-senior/

June  2017



 📅 June 6, 2017   👤 admin   💬 Comments(5)

## PART 3:  ISOLATE, MEDICATE, LIQUIDATE:  How to Fleece a Senior

### Seek to Shut Down Drugging, Embezzlement, Fleecing of Seniors – Judge Denies Hearing



by Lonnie Brennan

Link for article:

https://www.bostonbroadside.com/frontpage/daughters-charge-criminal-enterprise-within-the-mass-probate-family-court-system/

**July 2017**



ww.bostonbroadside.com/wp-content/plugins/clickervolt/go.php?s=...

Link for article:

https://www.bostonbroadside.com/frontpage/part-4-lawyers-charged-with-fleecing-elder-marvin-siegel-out-of-millions-now-seek-to-get-his-daughter-disbarred/

**December 2018**



## Gov. Baker's Appointee, Atty. Marsha Kazarosian, Moves In For The Kill 'To Protect Her $$$ Source'

December 6, 2018   admin   Comments(8)

Gov. Baker's Appointee, Atty. Marsha
Kazarosian, Moves in for the Kill
'to Protect her $$$ Source'



Link for article

https://www.bostonbroadside.com/liberal-legislators/gov-
bakers-appointee-atty-marsha-kazarosian-moves-in-for-the-
kill-to-protect-her-source/

**July 2018**



## HORRORS OF GUARDIANSHIP: Gov. Baker Turns A Blind Eye

July 3, 2018      admin      Comments(6)

Link for article:

https://www.bostonbroadside.com/horrors-of-guardianship/horrors-of-guardianship-gov-baker-turns-a-blind-eye/

24.  At the specific request of John Savanovich, Plaintiff filed Notice of Appearance as counsel (See Notice of Appearance with accompany affidavit as **Exhibit 8**).

25.  Immediately after Plaintiff's filing said Notice of Appearance, Attorneys Lisa M. Cukier and Patricia Keane Martin filed motions to strike my appearance as counsel for John Savanovich.  (See attached copy provided as **Exhibit 9**).

26.  Prior to the marked-up hearings for Attorney Cukier's & Martins's motion to strike Plaintiff as counsel, Plaintiff filed a motion to recuse Judge Phelan (See **Exhibit 10**).  Judge Phelan *did not* conduct any hearing with regard the motion to recuse.

27.  Plaintiff undersigned counsel was not served the motion underlying said **September 3, 2020** order.

28.  Plaintiff undersigned counsel was not given any notice of hearing for said **September 3, 2020** order.

29.   Corroborating the above-described subterfuge is stated
in Judge Phelan's September 3, 2020 order:

> Attorney Lisa Siegel Belanger  shall be permitted to inspect the itemized affidavits of both
> attorneys in support of their requests for fees. However, any said inspection shall be subject to
> the following conditions:
>
> -   Said inspection shall take place only at the front counter of the Norfolk Registry of
>     Probate;
>
> -   Said inspection shall be supervised by a court security officer of the Norfolk Probate and
>     Family Court as well as one employee of the Norfolk Registry of Probate;
>
> -   She shall not be permitted to copy the motions, affidavits in support, or any other
>     contents of the case files.
>
> -   She shall not be permitted to view any contents of the case files except the two motions
>     for fees and the affidavits in support.

30.`In Judge Phelan's own stated words, Plaintiff was not
allowed to see the motion and affidavits PRIOR to the court
order!!

31.   Incredulously—but as documented in writing by Judge
Phelan himself, Plaintiff has not been allowed to have a copy of
the purported legal expenses!!

32.   As shown by Attorney Cukier's filing in the afore-
referenced matter of Luisa v. Netflix et al, the purported legal
expenses are expenses that she and cohorts charged John
Savanovich for having to expend time and effort in attempting to
cover up their exploitation of HIM. (See copy of Cukier's filing
provided as **Exhibit 11** and following excerpt paragraph 18).

18.     Mr. Savanovich has already spent *over five-hundred thousand dollars ($500,000)* dealing with just some of the problems caused by the Parties' misuse of his information.  It would be fundamentally unfair to allow Parties who harmed Mr. Savanovich, through misusing his information, to impose further expense on him so they can make even more unwanted use of his information.  The only way to prevent the undue burden that would result from such a backwards approach, would be to similarly reverse who is obligated to pay for these expenses.

33.  Set forth in Exhibit 10 is irrefutable documentation of the highly prejudicial conflict of interest that existed between Attorney Cukier and Judge Phelan—particularly highlighting Attorney Cukier's service to Judge Phelan's as his "master of findings" on other prior cases.

34.  **Attorney Lisa Cukier** and the firm of **Burns Levinson LLP** have been directly involved with Plaintiff's father's matters in the **Essex Probate & Family Court** (ES11P1466GD, ES11P1465PM, ES19P1195EA).

35.     Below is the most recent extortion letter[6] sent on the behalf of Attorney Cukier and Martin, by Attorney John O. Mirick, dated **August 24, 2021** specifically referencing the Estate Administration matter of Plaintiff's father as **Exhibit 12**):

---

[6] Plaintiff has reported this criminal offense to AG Maura Healy, Board of Bar Overseers and the Supreme Judicial Court—to no avail.

# MIRICK O'CONNELL

ATTORNEYS  AT  LAW

**John O. Mirick**
Mirick O'Connell
100 Front Street
Worcester, MA  01608-1477
jmirick@mirickoconnell.com
t 508.860.1550

August 24, 2021

Lisa Siegel Belanger



Re:  Payments ordered by Judge Phelan

Dear Ms. Belanger:

At the beginning of the summer, I advised you that our office had been retained to enforce the September 3, 2020 Order by Judge Phelan that you pay $278,907.63 for Attorney Patricia Keane Martin's fees and expenses, and $131,220.00 for Attorney Lisa M. Cukier's attorney's fees and expenses.

In my letter, I observed that while you probably did not have sufficient liquid assets or income to make the payments required by the Order, my review of the filings in the administration of the estate of your father suggested that you would have a substantial inheritance from his estate, in an amount more than sufficient to cover Judge Phelan's Order. I invited you to assign a portion of your inheritance, or to propose some other arrangement that provided satisfactory assurance that the Order would be paid.  I reminded you that failure to comply with an explicit order from a court is grounds for a complaint for contempt, and that a court may impose sanctions for contempt, including payment of attorney's fees incurred in connection with the contempt.

You never responded.

Accordingly, I have filed a complaint for contempt, which is scheduled to be heard on September 21, 2021.  Please advise me whether you will agree to accept service, which will avoid the cost of service.  As I am sure you know from your own practice, courts are likely to impose the cost of service when persons are found to be in contempt.

While I am certainly prepared to go forward with the contempt, I would prefer simply to collect the amounts due under Judge Phelan's Order rather than add to the sanctions already imposed against you. New sanctions are likely to include the legal fees required to pursue the contempt.

**MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP**
WORCESTER  |  WESTBOROUGH  |  BOSTON
www.mirickoconnell.com

Client Matter 31403/00001/A7216733.DOCX

MIRICK O'CONNELL

Lisa Siegel Belanger
August 24, 2021
Page 2

Although you did not respond to my earlier I remain willing to try to work out an appropriate arrangement with you.  However, as I put more time into pursuing the contempt, any arrangement will have to include the time that I am spending on this matter.

I look forward to hearing from you.

Very truly yours,

John O. Mirick

## **PRAYER**

Plaintiff requests a speedy hearing and advancement of the cause on this Court's calendar pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure due to the grave and imminent unlawful and financially devastating threats made by Attorneys Cukier, Martin and Mirick.

As vigorously reinforced by the Supreme Court: "The requirement of personal jurisdiction flows from the Due Process Clause". Rhurgas, Supra, citing Insurance Corp of Ireland v. Compagnie Des Bauxites, 456 U.S. 694, 703, (1982).

Parallel to Ex parte Young, supra, this matter involves plaintiff seeking to enjoin State actors from engaging in acts that are in violation of the Fifth and Fourteenth Amendment of the United States Constitution.  When a state official engages in acts that are prohibited by the Federal Constitution such matters are in fact a matter of federal jurisdiction based on Supremacy Clause of the United States Constitution.  Id.

As required under 28 U.S.C. § 1331, Plaintiff has presented a direct matter of federal question via the Fifth and Fourteenth Amendment of the United States Constitution.  On the above-described basis alone, Plaintiffs amply meets standing and jurisdictional requirements to proceed regarding issuance of a

declaratory judgment rendering said order invalid, and warranting this Court to order the Norfolk Probate & Family Court to remove the September 21, 2021 contempt hearing in the matter of John Savanovich.

As demonstrated, the flagrant and blatant fraud perpetrated in the issuance of the September 3, 2020 order, in and of itself, constitutes exigent circumstances requiring this Court to preside over this matter based on extraordinary circumstances. Federal review is necessitated when a plaintiff will suffer irreparable injury absent equitable relief. Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (2009). Plaintiff requests this Court to declare said Norfolk Probate & Family Court orders of September 3, 2020 null and void; that is no effect, and is not authorized by law;

Respectfully submitted

By Plaintiff

/s/ Lisa Siegel Belanger

Lisa Siegel Belanger
300 Andover Street, No. 194
Peabody, MA  01960
(978) 998-2342
lisa@belangerlawoffice.com

Date: September 3, 2021